In re Frederick Ernest KENT, Debtor.

Bankruptcy No. 91–21445–B.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Aug. 14, 1991.

Fred W. Palmore, III, Mays & Valentine, Richmond, Va., for The Chase Manhattan Bank, N.A.

George H. Heilig, Jr., Heilig, McKenry, Fraim & Lollar, Norfolk, Va., for Sawyer Sav. Bank.

Carl E. Eason, Jr., Pretlow, Eason & Pretlow, Suffolk, Va., for debtor.

Debera F. Conlon, Norfolk, Va., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter comes before the court upon the motions of The Chase Manhattan Bank, N.A. ("Chase"), and Sawyer Savings Bank ("Sawyer") to dismiss the debtor's chapter 11 case pursuant to 11 U.S.C. § 1112 on the ground that the case was not filed in good faith.

### Findings of Fact

The debtor filed a voluntary chapter 11 petition on March 11, 1991. The petition was filed on the eve of a scheduled foreclosure sale against real property located in Lake Hill, New York, which debtor owns jointly with his wife. The foreclosure sale was instituted by Sawyer, holder of a first lien against a portion of the property. Chase also has a lien against the property which is both a first lien on a portion of the property and a second lien behind Sawyer on the remainder. Chase's claim secured by the property is in excess of $525,000.00 plus costs and expenses, including attorneys' fees. The lien securing Sawyer is in excess of $120,000.00, including unpaid real estate taxes. In addition, the debtor's mother, Selma Kent, holds a judgment lien against the property in excess of $408,-060.00.

The debtor's current case is not the first chapter 11 case filed by the debtor in this court. He previously filed a chapter 11 on March 13, 1990, also on the eve of a scheduled foreclosure sale by Sawyer. Chase filed a motion to dismiss the initial case which this court granted, finding that there was no reasonable likelihood that the debtor could reorganize successfully.

Following the dismissal of the initial case, Sawyer reinstated foreclosure proceedings, and a second foreclosure sale of the subject realty was scheduled on March 12, 1991. The second foreclosure sale was

stayed by the debtor's filing of this case on the day prior to the foreclosure.

On March 19, 1991, Chase filed a motion to dismiss the debtor's case and a suggestion that sanctions should be imposed. Subsequently, Sawyer also filed a motion to dismiss. The Treasurer of the County of Ulster, New York, the county in which debtor's real property is located, filed a pleading joining in the motion to dismiss filed by Chase. The treasurer's pleading indicated that no real estate taxes had been paid on the property since 1987 and that taxes in the amount of $64,056.11 were due through 1990.

A hearing was held on the motions on May 23, 1991. At the hearing, the debtor represented that he had entered into a contract for the sale of his property and that the purported contract would form the basis of a plan of liquidation.

The purchaser of debtor's realty under the purported contract is a world famous artist. The contract provides a purchase price in the amount of $300,000.00 in cash at closing along with paintings of the purchaser with alleged total values of $200,-000.00 (wholesale) and $600,000.00 (retail). The contract provides that the specific paintings are to be selected by the debtor prior to closing and compiled on a list to be executed by both purchaser and the debtor; this list will become a part of the contract. The contract also provides that the paintings will remain in possession of the purchaser to be released to the debtor at a rate of no more than two per year until the agreed number of works has been released. The court is told that the purpose of this latter aspect of the contract is to provide an income tax benefit to the artist-purchaser.[1]

Under his contract of sale to the artist the debtor is required at settlement to execute an escrow agreement with respect to the artwork. In the event the parties fail to agree on the selected paintings, either party has the right to cancel the agreement by notice to the other.

Although the debtor has not filed appropriate pleadings to have the contract approved by the court, the court will accept the debtor's representation that he will rely on the contract as a basis for a plan of liquidation for purposes of considering the motions to dismiss. The court notes that in connection with the debtor's initial chapter 11 case, the debtor represented that he had the ability to enter into a contract for the sale of his New York property on the same terms and conditions as contained in the purported contract. In the initial case both Chase and Sawyer had objected to the prospective sale of the property on these terms.

At the hearing on Chase's motion to dismiss, the debtor agreed that the contract would not provide for the payment in full of all claims that are liens against the New York property. The debtor also agreed that the total amount of the claims against the property exceeds not only the amount that could be received under the contract but also the value of the property. Therefore, there is no equity in the property, and there will be no payments to unsecured creditors of the debtor as a result of a sale under the contract.

### Conclusions of Law

A case under chapter 11 may be dismissed for cause pursuant to Section 1112 of the Bankruptcy Code if the petition is not filed in good faith. *E.g., Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir.1989); *In re Chesmid Park Corp.*, 45 B.R. 153, 156 (Bankr.E.D.Va.1984). A party may obtain dismissal of a petition for lack of good faith in filing by showing that the reorganization of the debtor is objectively futile and that the debtor acted in bad faith in filing the petition. *Carolin Corp. v. Miller*, 886 F.2d at 701. The purpose of this analysis is to prevent a petitioner from abusing the reorganization process and from causing hardship or delay to creditors "by resorting to Chapter 11 device purely for the purposes of invoking the automatic stay, with-

---

1. Additionally, the artist's contractual arrangement with an art gallery limits to two annually his distribution of paintings outside the gallery.

out the intention or ability to reorganize its financial activities." *Id.*

■ The debtor's chapter 11 petition was filed on the eve of a scheduled foreclosure sale by Sawyer, the second time the debtor has filed a chapter 11 case on the eve of foreclosure. The debtor's first effort ended in dismissal because there was no reasonable likelihood that a plan of reorganization could be confirmed. That conclusion is also true with respect to the debtor's current case.

The debtor indicates that he will make the contract for the sale of his New York realty the basis of a plan of liquidation. However, in my view no plan of liquidation based upon debtor's contract with the artist-purchaser may be confirmed over the stated objections of Chase and Sawyer.

To begin with, the purported contract can be said to be illusory, for it is not binding on the purchaser if he does not agree with the paintings selected by the debtor. The contract does not provide for the debtor's receipt of cash in the future other than that received at closing. There is no assurance that the paintings, if and when identified, agreed upon and delivered to the debtor, will be sold at any particular price or whether they will ever be sold.

Any plan of liquidation based upon the debtor's contract must provide for the sale of the real property free and clear of liens and for the transfer of those liens to the proceeds of sale under the provisions of 11 U.S.C. § 1129(b)(2)(A)(ii). Since the proceeds of a sale include unidentified pieces of artwork which may or may not be sold in the future at undetermined prices, the court cannot find that the interests of Sawyer and Chase are adequately protected as required by 11 U.S.C. § 1129(b)(2)(A)(ii).

In addition, debtor's proposed sale does not provide Chase with the opportunity to credit bid the amount of its claim as provided in 11 U.S.C. § 363(k). In a situation where it is not clear that a proposed sale will pay a secured creditor's claim in full or otherwise provide adequate protection for the secured creditor's claim, a plan of liquidation that does not allow that creditor the right to credit bid the amount of its claim cannot be confirmed over the objection of that creditor. Accordingly, as a matter of law, this court would not confirm a plan of liquidation under 11 U.S.C. § 1129(b) over the objections of Chase and Sawyer.

Finally, the court determines that it is faced with substantially the same circumstances today that existed on dismissal of the prior case. The only apparent difference is that earlier the contract was merely a prospect, whereas now the contract has been entered into by the parties. Nevertheless, my prior dismissal of the case was based not only on the lack of a signed contract but also upon the futility of reorganization even if the contract was realized.[2]

This court concludes that the reorganization of the debtor is objectively futile, and his chapter 11 case was filed in bad faith. Accordingly, this case must be dismissed. Moreover, since this is the second time that the debtor has filed a Chapter 11 case on the eve of a regularly scheduled foreclosure sale, the court will dismiss the case with prejudice and enjoin the debtor from filing another bankruptcy petition for a period of 180 days after the order of dismissal. However, the court declines to award sanctions against the debtor.

A separate order will be entered.

---

**2.** Given the fame and seeming popularity of the artist-purchaser, it may well be that the lenders here are shortsighted in their objection to confirmation. However, it is not for this court to second guess their artistic judgment. They argue the plan is not confirmable over their objections, and this court agrees.